**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**March 27, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

RAYMOND TODD SURFACE,

    Plaintiff - Appellant,

v.

HOME MORTGAGE ALLIANCE, LLC;
GUARANTEED RATE, INC.;
HALLIDAY, WATKINS & MANN, P.C.;
HONORABLE J. ERIC ELLIFF;
HONORABLE PAUL D. LOPEZ;
HONORABLE DAVID BLACKETT,

    Defendants - Appellees.

No. 25-1236
(D.C. No. 1:25-CV-01004-LTB-RTG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **EID**, and **FEDERICO**, Circuit Judges.
_____

Raymond Todd Surface appeals the dismissal of his pro se action challenging

his state foreclosure and eviction proceedings. The district court determined the

action was barred by the *Rooker-Feldman* doctrine because it sought to overturn the

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

state court judgments.[1]  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's judgment.

I

According to the complaint, Mr. Surface financed the purchase of real property by executing a note and deed of trust in favor of defendant Home Mortgage Alliance, LLC.  His mortgage was serviced by defendant Guaranteed Rate, Inc., which "attempted to convince and intimidate [him] into [making] additional payments." R. at 7.  The defendant law firm of Halliday, Watkins & Mann P.C. filed a state foreclosure action, over which defendant state court judge J. Eric Elliff presided. Judge Elliff "issued a judgment against [Mr. Surface] in [the state foreclosure action] and ordered the property to be auctioned."  *Id.* (capitalization omitted).  The property was then sold by defendant Paul D. Lopez, who is "the Public Trustee and Clerk & Recorder for the City and County of Denver."  *Id.* at 6.  Mr. Surface was evicted in state court proceedings presided over by defendant state court judge David Blackett.

Based on these allegations, Mr. Surface brought the underlying federal action, claiming violations of his Fourth, Fifth, and Fourteenth Amendment rights.  He averred his home was unlawfully seized and sold without due process, he was subjected to double jeopardy because he was forced to pay for his home twice, and he had no opportunity to challenge the validity of the debt or speak to the state court. He also alleged defendants engaged in extortion and racketeering by foreclosing on

---

[1] *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415-16 (1923).

his home.  For relief, he sought monetary damages; a declaratory judgment that the mortgage and deed of trust were unconstitutional and the public trustee was "a sophisticated [ruse] to circumvent constitutional protections," *id.* at 18; and an order requiring that his home be returned to him.

A magistrate judge directed Mr. Surface to show cause why his action should not be dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.  Mr. Surface responded that, "'[o]nly when a losing state court litigant calls on a district court to modify or overturn an injurious state-court judgment should a claim be dismissed under *Rooker-Feldman*[.]'"  R. at 28 (italics and internal quotation marks omitted) (quoting *Behr v. Campbell*, 8 F.4th 1206, 1210 (11th Cir. 2021)).  Mr. Surface argued that *Rooker-Feldman* did not apply because he did not seek to appeal or review the state court decisions, but rather, he sought to obtain a declaratory judgment on the constitutionality of defendants' actions and the deed of trust.  The magistrate judge was unpersuaded and recommended that the action be dismissed under *Rooker-Feldman*.

Mr. Surface objected, insisting under *Behr* that *Rooker-Feldman* applies only when litigants seek to appeal state court losses in federal court.  The district court overruled the objection and dismissed the action without prejudice for lack of jurisdiction.  Mr. Surface appealed.

II

We review de novo the district court's dismissal for lack of jurisdiction under the *Rooker-Feldman* doctrine.  *Bruce v. City & Cnty. of Denver*, 57 F.4th 738, 746

3

(10th Cir. 2023). Because Mr. Surface proceeds pro se, we afford his materials a solicitous construction. *See Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007). But we do not advocate on his behalf, and he remains bound to follow the same rules of procedure that govern other litigants. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

"The *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction 'over cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Bruce*, 57 F.4th at 746 (footnote omitted) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The doctrine "reflects Congress's decision to locate federal appellate jurisdiction over state court judgments exclusively in the Supreme Court." *Id.* But this is a narrow jurisdictional limitation. *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 515 (10th Cir. 2023).

*Rooker-Feldman* applies where "(1) the plaintiff lost in state court, (2) the state court judgment caused the plaintiff's injuries, (3) the state court rendered judgment before the plaintiff filed the federal claim, and (4) the plaintiff is asking the district court to review and reject the state court judgment." *Bruce*, 57 F.4th at 746. "Where these factors exist, we lack subject matter jurisdiction." *Id.* "The essential point is that barred claims are those complaining of injuries caused by state-court judgments." *Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012)

4

(internal quotation marks omitted). "In other words, an element of the claim must be that the state court wrongfully entered its judgment." *Id.*

Mr. Surface's action is barred by *Rooker-Feldman*. He lost in state court, where defendants foreclosed on his property and evicted him; his injuries were caused by the state court judgments that he challenged as unconstitutional; those judgments were rendered in 2023, before Mr. Surface commenced this action in 2025; and he is asking the district court to review and reject the state court judgments by seeking the return of his home. These four factors demonstrate this case falls within the scope of *Rooker-Feldman*.

Mr. Surface denies that he is challenging the state court judgments, but his allegations betray his argument. He challenged the foreclosure by alleging the note was counterfeit and his mortgage servicer did not qualify as a bona fide holder of the note or the deed of trust. He also accused the state court judge of "tricking him" to take his property without an opportunity to be heard. R. at 8. And he alleged the eviction proceedings violated his due process rights because he was evicted after being "deceptively remov[ed]" from the title of the property. *Id.* at 12. These allegations seek review and rejection of the state court judgments, confirming the action is barred by *Rooker-Feldman*.

Mr. Surface relies on *Behr* to dispute this conclusion, but that out-of-circuit case is distinguishable. It involved a state court child custody judgment the plaintiffs did *not* challenge. *Behr*, 8 F.4th at 1213. The plaintiffs sought damages for being denied access to the courts and adequate legal counsel; they also claimed they

suffered discrimination and the defendants entered their home under false pretenses without authorization. *Id.* The Eleventh Circuit held these claims were not barred by *Rooker-Feldman* because they did not seek to review and reject the state court custody judgment. *Id.*

*Behr* is not helpful. Unlike that case, Mr. Surface *does* challenge the state court foreclosure and eviction judgments. There is no way to review his claims and return his home without reevaluating the validity of the note, the deed of trust, the foreclosure action, and his eviction, all of which he expressly invited the district court to review and reject. Although Mr. Surface couches his claims in constitutional terms, arguing that he is asking for a declaratory judgment that defendants' actions were unconstitutional, his claims are barred because they all require the conclusion "that the state court wrongfully entered its judgment," *Campbell*, 682 F.3d at 1283.

<div align="center">III</div>

The district court's judgment is affirmed.

<div style="margin-left: 50%;">
Entered for the Court


Allison H. Eid
Circuit Judge
</div>